NICHOLAS M. WAJDA (State Bar #259178)
Attorney Email Address: nick@wadjalawgroup.com
WAJDA LAW GROUP, APC
6167 Bristol Parkway, Suite 200
Culver City, California 90230
Telephone: (310) 997-0471
Facsimile: (866) 286-8433
*Attorney for Plaintiff*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| KUIANA TAYLOR,<br><br>   Plaintiff,<br><br>   v.<br><br>HUNT AND HENRIQUES, INC.,<br><br>   Defendant. | Case No.<br><br>**COMPLAINT FOR DAMAGES**<br><br>**1. VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. §1692 ET SEQ.;**<br><br>**2. VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE §1788 ET SEQ.**<br><br>**DEMAND FOR JURY TRIAL** |

## COMPLAINT

NOW COMES KUIANA TAYLOR ("Plaintiff"), by and through her undersigned counsel, complaining of HUNT AND HENRIQUES, INC., as follows:

### NATURE OF ACTION

1. Plaintiff brings this action against HUNT AND HENRIQUES, INC. ("Defendant") seeking redress for violations of the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. §1692 *et seq.* and violations of the Rosenthal Fair Debt Collection Practices Act ("RFDCPA") pursuant to California Civil Code §1788 *et seq.*

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to FDCPA and the RFDCPA.

3. Subject matter jurisdiction is conferred upon this Court by 28 U.S.C. §1331, as the action arises under the laws of the United States.

4. The Court has supplemental jurisdiction over Plaintiff's RFDCPA claim pursuant to 28 U.S.C. §1337.

5. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Eastern District of California and a substantial portion of the events or omissions giving rise to the claims occurred within the Eastern District of California.

**PARTIES**

6. Plaintiff is a natural person over 18-years-of-age who, at all times relevant, resided and was domiciled in the Eastern District of California.

7. Hunt & Henriques, Inc. ("Defendant") is a law firm with its business office located in San Jose, California. Defendant specializes in providing debt collection services to its clients in the financial services industry. Defendant regularly and systematically does business in California and across the United States. Defendant regularly attempts to collect debts allegedly owed by consumers residing in California.

**FACUTAL ALLEGATIONS**

8. Plaintiff had a balance on a Synchrony Bank ("Synchrony") credit card that she had used to pay a veterinarian bill in the approximate amount of $1,700.00.

9. Due to unforeseen financial difficulty, Plaintiff eventually defaulted on the Synchrony Bank credit card account ("subject debt").

10. On or around January 2020, Plaintiff started receiving phone calls from Defendant.

11. During one of these phone calls, Defendant stated that the balance on which it was attempting to collect had increased to approximately $2,100.00 because of interest.

12. Also during a phone call with Defendant, Plaintiff was threatened with a lawsuit if she did not make a payment arrangement.

13. Plaintiff agreed to an arrangement of $126.00 per month.

14. For a time, the phone calls from Defendant ceased.

15. Plaintiff opted to send personal checks in the amount of $126.00 at the end of every month to satisfy her payment arrangements.

16. At the end of October 2020, Plaintiff mailed her $126.00 personal check to Defendant.

17. Defendant cashed this October 2020 check at the beginning of November 2020.

18. After the October 2020 check was cashed, Defendant started placing phone calls to Plaintiff nonstop in an attempt to discuss a formal settlement agreement and/or change some terms of her payment arrangement.

19. During these phone calls, Plaintiff asked Defendant to stop calling and advised that she was not interested in altering the terms of her agreement.

20. On November 17, 2020, Defendant placed a call to Plaintiff's employer.

21. During this phone call, Defendant disclosed to the receptionist that it was calling regarding a debt for Plaintiff.

22. Plaintiff was notified by the staff secretary at her place of employment that she owed a debt.

23. Plaintiff was appalled that Defendant would have contacted her place of employment and disclosed this information considering Plaintiff has been making payments on the subject debt.

## **DAMAGES**

24. Concerned with having had her rights violated, Plaintiff retained counsel to compel Defendant to cease its collection activity.

3

25. Accordingly, Plaintiff is forced to expend energy and/or time consulting with attorneys to put an end to Defendant's unlawful collection practices.

## **COUNT I**

**Fair Debt Collection Practices Act (15 U.S.C. §1692 *et seq.*)**

26. Plaintiff restates and realleges all preceding paragraphs as though fully set forth herein.

27. Plaintiff is a "consumer" as defined by FDCPA §1692a(3).

28. The subject debt on which Defendant was attempting to collect is a "debt" as defined by FDCPA §1692a(5) because Plaintiff used the Synchrony credit card account to make purchases for personal purposes.

29. Defendant is a "debt collector" as defined by §1692a(6) because it regularly collects debts and uses the mail and/or the telephones to collect delinquent consumer accounts.

a. **Violations of FDCPA §1692b**

30. Section 1692b of the FDCPA regulates communication in acquisition of location information.

31. Specifically, §1692(b)(2) states that any debt collector communicating with any person other than the consumer for the purpose of acquiring location information about the consumer shall (2): not state that such consumer owes any debt.

32. Defendant violated §1692(b)(2) when it knowingly disclosed to the secretary at Plaintiff's place of employment that it was attempting to collect a debt from Plaintiff

b. **Violations of FDCPA §1692c**

33. Section 1692c of the FDCPA regulates communication in connection with debt collection.

34. Specifically, §1692c(b) states that "without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a post judgment judicial remedy, a debt collector may not communicate, in

4

connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector."

35. Defendant violated §§1692c and c(b) when it knowingly contacted Plaintiff's place of employment and disclosed to the secretary at Plaintiff's place of employment that it was attempting to collect a debt from Plaintiff, when Plaintiff was already making monthly installment payments to Defendant.

36. Specifically, §1692c(1) states without prior consent of the consumer given directly to the debt collector a debt collector may not communicate with a consumer in connection with the collection of any debt (1) at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer.

37. Additionally, Defendant violated §1692c(1) by contacting Plaintiff at her place of employment when Defendant already had contact information for Plaintiff and Plaintiff was already making monthly installment payments to Defendant.

38. Plaintiff may enforce the provisions of 15 U.S.C. §§1692b(2), c(b) and c(1) pursuant to section k of the FDCPA (15 U.S.C. § 1692k) which provides "any debt collector who fails to comply with any provision of [the FDCPA] with respect to any person is liable to such person in an amount equal to the sum of -

(1)   any actual damage sustained by such person as a result of such failure;

(2)

   (A)   in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000.00; or

(3)   in the case of any successful action to enforce the foregoing liability, the costs of the action, together with reasonable attorney's fees as determined by the court.

5

**WHEREFORE,** Plaintiff, KUIANA TAYLOR, requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the Fair Debt Collection Practices Act;

b. Awarding Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying Fair Debt Collection Practices Act violations;

c. Awarding Plaintiff costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k; and

d. Awarding any other relief as this Honorable Court deems just and appropriate.

## COUNT II

**Rosenthal Fair Debt Collection Practices Act (Cal. Civ. Code §1788 *et seq.*)**

39. Plaintiff restates and realleges paragraphs 1 through 25 as though fully set forth herein.

40. California Civil Code § 1788.17 provides:

> Notwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Section 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code.

41. As pled above, Defendant violated 15 U.S.C. §§1692b and c, therefore violating Cal. Civ. Code §1788.17.

**WHEREFORE**, Plaintiff, KUIANA TAYLOR, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the Rosenthal Fair Debt Collection Practices Act;

b. Awarding Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying Rosenthal Fair Debt Collection Practices Act violations;

c. Awarding Plaintiff costs and reasonable attorney's fees; and

d. Awarding any other relief as this Honorable Court deems just and appropriate.

1
2   Dated: November 19, 2020                     Respectfully submitted,
3                                                By: */s/ Nicholas M. Wajda*
    Nicholas M. Wajda
4   WAJDA LAW GROUP, APC
    6167 Bristol Parkway, Suite 200
5   Culver City, California 90230
    Telephone: (310) 997-0471
6   Facsimile: (866) 286-8433
    Email: nick@wajdalawgroup.com
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28